UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EVELYN LABOY,                                :

                      Plaintiff,          :            **MEMORANDUM AND OPINION**

       -against-                             :

COMMISSIONER OF SOCIAL SECURITY, :            13-CV-8590 (KNF)
                                             :
                      Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       Evelyn Laboy commenced this action against the Commissioner of Social Security ("Commissioner"), seeking review of an administrative law judge's ("ALJ") decision, dated June 29, 2012, finding her ineligible for Supplemental Security Income ("SSI") benefits, pursuant to Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1385. The ALJ's decision became final on September 27, 2013, when the Appeals Council denied Laboy's request for review. This action followed. Before the Court is the plaintiff's motion for judgment on the pleadings, made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking an order granting her benefits, or, alternatively, remanding the case to the Commissioner for further proceedings. The Commissioner opposes the motion.

       An administrative hearing was held, on June 18, 2012, at which Laboy, represented by counsel, testified. The issue before the ALJ was whether Laboy is disabled. The ALJ determined that Laboy: (1) has not engaged in substantial gainful activity since January 25, 2011, the application date; (2) has severe physical and psychiatric impairments, primarily degenerative joint disease of the cervical spine, arthritis and residuals of carpal tunnel syndrome, status-post release surgery in both hands, depression and anxiety disorders, as well as other

"impairments, primarily anemia, which although medically determinable are not 'severe' based on the record"; (3) does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with a nonexertional limitation to simple one/two-step jobs requiring only occasional interaction with others; (5) has no past relevant work; (6) was born in 1967; and (7) is not able to communicate in English. Moreover, the ALJ found that transferability of job skills is not an issue because Laboy does not have past relevant work and, considering Laboy's age, education, work experience and residual functional capacity, jobs exist in significant numbers in the national economy that Laboy can perform. The ALJ concluded that Laboy has not been under disability, since January 25, 2011.

*Plaintiff's Contentions*

Laboy contends that the ALJ erred, when determining her residual functional capacity to perform sedentary work, because he failed to consider Social Security Rule ("SSR") 85-15. She asserts that the ALJ failed to apply SSR 85-15(1) properly, by not considering: (a) the assessment by Dr. Contreras, Laboy's treating psychiatrist, which demonstrates that she does not have the mental capacity to work; (b) Laboy's testimony, "that she gets panic attacks, and that she finds it hard to concentrate, focus, and remember things"; and (c) "Dr. Meadow's" psychiatric report, that Laboy was depressed and her attention and concentration were mildly impaired due to limited intellect and she was unable to add or subtract single digits, and had cognitive problems. Laboy contends that the ALJ failed further to apply SSR 85-15(2) properly, namely he failed to consider that she suffers from carpal tunnel syndrome and did not evaluate properly her ability to use her hands. According to Laboy, the ALJ's failure to apply SSR 85-15

2

properly is compounded by the ALJ's failure to consult a vocational expert, as required by SSR 85-15(2)(c). Laboy contends that the ALJ's decision was not based on substantial evidence.

*Defendant's Contentions*

The defendant contends that substantial evidence supports the ALJ's decision and the ALJ did not commit any error. The defendant asserts that the medical evidence supports the ALJ's findings that Laboy is physically limited to the least demanding category of work, which is sedentary work, and the ALJ's mental assessment is supported by the opinions of "Dr. Meadow, the consultative psychiatrist, and Dr. Kamin, the state-agency review psychologist." The defendant contends that the ALJ gave no weight to Dr. Contreras's questionnaire, properly, because it was not supported by appropriate clinical findings and was contradicted by her own findings and other substantial evidence in the record. Moreover, the defendant asserts that the ALJ was not required to call a vocational expert because the ALJ found that Laboy's non-exertional limitations, namely being limited to simple, one and two-step tasks and having occasional contact with the public, would have little or no effect on the occupational base of unskilled sedentary work. According to the defendant, the ALJ considered, properly, Laboy's carpal-tunnel syndrome, but found that, after two surgeries Laboy underwent, she no longer had pain and had a full range of motion in her wrist and normal use of her left hand. Thus, employing a vocational expert was not required.

*Legal Standard*

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing

the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

> A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
>
> Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted).

"Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted).

To qualify for disability benefits, an individual must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(A). The Social Security Administration's regulations establish a five-step process for determining a disability claim. See 20 C.F.R. § 416.920(a)(4).

> If at any step a finding of disability or nondisability can be made, the [Social Security Administration] will not review the claim further. At the first step, the agency will find nondisability unless, the claimant shows that he is not working at a "substantial gainful activity." At step two, the [Social Security Administration] will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the [Social Security Administration] assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the [Social Security Administration] to consider so-called "vocational factors" (the claimant's age, education, and past work experience),

4

>and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.

>Barnhart v. Thomas, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003) (internal citations omitted).

"[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (citations omitted). "Although the claimant bears the general burden of proving that he is disabled under the statute, 'if the claimant shows that his impairment renders him unable to perform his past work, the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform.'" Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002) (quoting Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983)). Ordinarily, the Commissioner's burden is met "by resorting to the applicable medical vocational guidelines." Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999) (citation omitted). In considering work which exists in the national economy, the ALJ "will decide whether to use a vocational expert or other specialist." 20 C.F.R. §§ 404.1566(e); 416.966(e).

>[T]he mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines. A more appropriate approach is that when a claimant's nonexertional impairments significantly diminish his ability to work—over and above any incapacity caused solely from exertional limitations—so that he is unable to perform the full range of employment indicated by the medical vocational guidelines, then the [Commissioner] must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform.

>Bapp v. Bowen, 802 F.2d 601, 603 (2d Cir. 1986).

*Application of Legal Standard*

Upon careful review of the record, the Court finds that the ALJ followed the five-step sequential analysis properly, when making the disability determination, and committed no legal error. The Court also finds that the ALJ's findings are supported by substantial evidence.

The plaintiff's reliance on Dr. Contreras's opinion to support her argument, that the ALJ failed to assess her mental impairments properly in determining whether she can do sedentary works, is misplaced. The ALJ gave no weight to Dr. Contreras's opinion and explained the reasons for not giving that opinion any weight, namely, that Dr. Contreras's opinion is not supported by appropriate clinical findings, is contradicted by such findings and is inconsistent with other substantial evidence in the record. Moreover, the ALJ did not credit Laboy's testimony in its entirety, finding it was "only partially supported by objective medical evidence." Contrary to Laboy's contention, the ALJ considered her carpal tunnel syndrome, finding that the medical records indicate that bilateral carpal tunnel release surgeries resulted in restoration of normal function in each hand, and he acknowledged Laboy's January 2012 diagnoses, which did not specify any symptoms or potential limitations.

Laboy's contention, that the Social Security Administration's regulations require that the ALJ consult a vocational expert, is erroneous. The use of a vocational expert is at the ALJ's discretion and, consistent with that, SSR 85-15 provides that "the assistance of a [vocational expert] may be needed to determine the effects of . . . limitations," such as reaching, handling, fingering and feeling," when those limitations are "significant." Here, however, the ALJ did not find that Laboy's limitations were significant, and he carried his burden properly, at step five of the sequential analysis, when he relied on the medical vocational guidelines to determine whether jobs exist in significant numbers in the national economy that Laboy can perform.

6

*Conclusion*

For the foregoing reasons, the Commissioner's decision is affirmed, and the plaintiff's motion for judgment on the pleadings, Docket Entry No. 12, is denied. The Clerk of Court is directed to close this case.

Dated: New York, New York
February 5, 2015

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE